IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| MD OBAIDUL ISLAM,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES of AMERICA; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; BRIAN J. MEIER, New York Field Office Director of USCIS; TRACY RENAUD Senior Official Performing Duties of Director,<br><br>    Defendants. | Civil Action No. 3:21-cv-00435-N |

## DEFENDANTS' MOTION TO DISMISS

Plaintiff Obaidul Islam, a citizen of Bangladesh residing in the United States, brings this action against U.S. Citizenship and Immigration Services and related federal defendants (together, "USCIS") under the Administrative Procedure Act ("APA") concerning his immigrant benefits. Islam alleges that USCIS's denial of his I-485 application to adjust his status to that of lawful permanent resident is unlawful and should be overturned. Because USCIS has reopened Islam's I-485 application, there is no final agency action for the Court to review. Therefore, and for the reasons explained below, the Court should dismiss Islam's complaint for lack of jurisdiction.

## I.  Background[1]

Plaintiff Islam is employed by Tasacom Technologies Inc.  Pl.'s Compl. at 3, ECF No. 1 (Mar. 1, 2021).  Tasacom Technologies filed an I-140 petition to obtain an immigrant visa for Islam.  *Id*.  USCIS approved Tasacom Technologies' I-140 petition and assigned Islam a visa priority date of May 23, 2018.  *Id*.  On or about December 31, 2018, Islam filed his I-485 application to adjust his status to permanent resident.  *Id*.  On or about October 21, 2020, USCIS issued a decision denying Islam's I-485 application.  *Id*.  In its denial decision, USCIS explained that Tasacom Technologies had "misrepresented [Islam's] job title, job location and dates of employment on [Islam's] petition for non-immigrant worker," while Islam was in H-1B nonimmigrant status.  *Id*.  On March 1, 2021, Islam filed this action seeking judicial review of USCIS's denial of his I-485 application under the APA.  *See* Compl.  On or about April 7, 2021, USCIS reopened Islam's I-485 application for further review and adjudication.  App. 001.[2]

## II.  Legal Standard

USCIS moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks jurisdiction under the APA.  The APA is a limited waiver of the United States' sovereign immunity, meaning a lack of judicial review under the APA deprives the Court of subject-matter jurisdiction.  *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 309 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1319 (2019).  As the party invoking federal

---

[1] The allegations in the Complaint are accepted as true for the purposes of this Motion to Dismiss.

[2] "App.__" citations refer to the accompanying Appendix to Support Defendants' Motion to Dismiss.  The Court may consider evidence outside the complaint to decide factual issues that determine jurisdiction without converting the motion to dismiss into a motion for summary judgment.  *E.g.*, *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

**Defendants' Motion to Dismiss – Page 2**

subject-matter jurisdiction, the plaintiff must bear "the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Parish v. Fed. Emergency Mgmt. Agency,* No. 08-30070, 2009 WL 146582, at *6 (5th Cir. Jan. 22, 2009). The Court may decide a Rule 12(b)(1) motion on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. United States. ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation omitted).

### III.     Argument and Authorities

Islam seeks judicial review under the APA and for a cause of action complains of USCIS's denial of his I-485 application. Compl. at 3–4. The relevant provision within the APA is codified at 5 U.S.C. § 702, and provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." As the Supreme Court explained in *Lujan v. National Wildlife Federation*, "[t]his provision contains two separate requirements." 497 U.S. 871, 882 (1990). "First, the person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion," and this "agency action" must be a "final agency action" within the meaning of the APA. *Id*. (quoting 5 U.S.C. § 704). Second, the plaintiff must show that he has "suffer[ed] legal wrong" because of the agency's action or is "adversely affected or aggrieved" by that action "within the meaning of a relevant statute." *Id*. at 883. Here, as discussed below, Islam fails to establish either of these necessary elements for obtaining judicial review under the APA.

### 1. There is no final agency action.

Islam alleges "[t]here are no further administrative remedies that Plaintiff[] can seek and the decision made by USCIS [to deny adjustment status to Mr. Islam] is *final*." Compl. at 3 (emphasis added). But because USCIS reopened Islam's case (App. 001), the decision Islam references is not a *final* agency action. Under *Bennett v. Spear*, two conditions must be satisfied for agency action to be "final": "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" 520 U.S. 154, 177–78 (1997) (citations omitted). "In contrast, a non-final agency action is one that 'does not itself adversely affect [the] complainant but only affects his rights adversely on the contingency of future administrative action.'" *Exxon Chem. Amer. v. Chao*, 298 F.3d 464, 467 (5th Cir. 2002) (quoting *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 288 (5th Cir. 1999)).

USCIS's decision to reopen Islam's application for immigration benefits nullifies the "prior denial and le[aves] nothing for the district court to review." *See 6801 Realty Co., LLC v. United States Citizenship & Immigration Servs.*, 719 F. App'x 58, 60 (2d Cir. 2018). USCIS has the unquestioned authority to reopen denied applications, 8 C.F.R. § 103.5(a)(5), and to reconsider a decision previously made, *see ConocoPhillips Co. v. United States Env't Prot. Agency*, 612 F.3d 822, 832 (5th Cir. 2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision.").

Here, USCIS set aside its decision on Islam's I-485 petition, reopened the case, and restored his application to pending status. Thus, USCIS's earlier denial of the I-485 application is no longer final. *See Bhasin v. United States Dep't of Homeland Sec.*, 413 F. App'x 983, 985 (9th Cir. 2011) (determining that after USCIS vacated an earlier denial

of a visa petition, there was no longer a final agency action subject to judicial review under the APA); *German Language Ctr. v. United States*, No. H-09-3950, 2010 WL 3824636, at *4 (S.D. Tex. Sept. 27, 2010) (dismissing APA claim where USCIS initially denied and then reopened a visa application for further review because there was "no longer a final decision to review" so "any decision by this Court would pose a risk of interfering with an agency determination that has not yet reached a concrete, formal resolution").

Islam's complaint does not establish a final agency action within the meaning of the APA.  Thus, his APA claims should be dismissed for lack of subject-matter jurisdiction.

### 2. Islam has not suffered a legal wrong or been adversely affected.

Islam's failure to identify any final agency action in his complaint is sufficient to dismiss his claims under the APA.  Even so, Islam also cannot show that he has suffered any legal wrong or been adversely affected or aggrieved within the meaning of a relevant statute by the decision at issue in his complaint.  *See Lujan*, 497 U.S. at 883.  "The phrase 'legal wrong' under the [APA] means the invasion of a legally protected right." *White Oak Realty, LLC v. United States Army Corps of Eng'rs*, No. 13-4761, 2016 WL 355485, at *5 n.45 (E.D. La. Jan. 28, 2016) (citing *Braude v. Wirtz*, 350 F.2d 702 (9th Cir. 1965)). And a party is only adversely affected or aggrieved if it can show some injury that falls within the zone of interests to be protected by the statutory provision whose violation forms the legal basis for the complaint.  *Lujan*, 497 U.S. at 883.

Because USCIS reopened Islam's I-485 application and thus the October 2020 decision is not a final agency action, there likewise is no legal wrong or adverse effect on Islam by this decision within the second prong of the APA analysis.  Although Islam may

have been unhappy with the initial (now reopened) decision, any legal consequences were negated when his application was reopened.

## IV.    Conclusion

Islam has failed to establish either element required for establishing a final agency action under the APA. Islam therefore cannot establish jurisdiction for his claims, and his complaint should be dismissed under Rule 12(b)(1).

Dated: April 26, 2021

Respectfully Submitted,

PRERAK SHAH
Acting United States Attorney

*/s/ Andrew S. Robbins*
Andrew S. Robbins
Assistant United States Attorney
New York Bar No. 4836508
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:   214-659-8600
Fax:              214-695-8811
andrew.robbins@usdoj.gov

*Attorney for Defendants*

## Certificate of Service

I certify that on April 26, 2021, a copy of the above Motion to Dismiss was electronically filed with the Court's CM/ECF system and served on Plaintiff.

*/s/ Andrew S. Robbins*
Andrew S. Robbins
Assistant United States Attorney
